IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>BENNETT L. KIGHT | Criminal Action No.<br>1:16-CR-099-WSD-LTW |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO SEAL**

The United States of America, by and through counsel, John A. Horn, United States Attorney for the Northern District of Georgia, and Douglas W. Gilfillan, Assistant United States Attorney, hereby opposes Defendant's Motion to Seal Medical Records (Doc. 56).

**1. Legal Standards.**

It is firmly established that the press and public have a qualified First Amendment right of access to criminal proceedings and a common law right of access to judicial records. United States v. Ochoa-Vasquez, 428 F.3d 1015, 1028-29 (11th Cir. 2005). The historical right of public access to judicial proceedings extends not only to trials and hearings but also includes public access to judicial records. Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)); accord Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (right of access is an essential component of our system of justice" and "is instrumental in securing

the integrity of the process" (internal quotations and citation omitted)).

"Material filed in connection with any substantive pretrial motion" is subject to the common-law right of public access. Romero, 480 F.3d at 1245 (holding that any motion presented to the court to "invoke its powers or affect its decisions" is subject to the right of public access); see also United States v. Bradley, No. 405CR059, 2007 WL 1703232, at *2 (S.D. Ga. June 11, 2007) ("Motions and their attachments" and "documents that directly affect an adjudication and play a significant role in determining a litigants' substantive rights are entitled to the strongest presumption" of public access).

The presumption in favor of open judicial proceedings is difficult to overcome. To obtain an order sealing documents in a criminal case, the moving party must "show 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" Ochoa-Vasquez, 428 F.3d at 1030 (quoting Press-Enterprise Co. v. Superior Ct. of Cal., Riverside County, 464 U.S. 501, 510 (1984)). "When sealing proceedings or documents, a court must articulate the overriding interest 'along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" Id. (quoting Press-Enterprise, 464 U.S. at 510). In deciding whether to shield information from the public, courts "consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an

opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero, 480 F.3d at 1246.

**2. Given his public claims, sealing is not necessary to protect Defendant's privacy interests.**

In support of his opposition to the Government's motion to disqualify his counsel, Defendant claims on the public record that he fell in December 2016, suffering a hematoma and broken ribs, and that he had a seizure on February 6, 2017, for which he went to the emergency room. (Doc. 55.) Defendant also publicly claims that his "dementia" has "now progressed" into "aphasia," and that his "altered mental state" and "delirium" preclude him from assisting counsel. (Id.) Having made these public assertions, Defendant moves to seal two exhibits he cites as support on the grounds that disclosure of the records will harm his privacy interests. (Doc. 56, 56-1.)

The Court should deny Defendant's sealing motion because the exhibits reflect what Defendant has already publicly disclosed and intends to argue in open court, and contain other information that is simply not confidential. Exhibit A consists of two reports showing what Defendant asserts publicly about his December 2016 incident. Exhibit B consists of (1) a doctor's note with generic language written for the very purpose of being provided to third parties without disclosing any health or private matter specific to Defendant; and (2) a form that is mostly standard, pre-printed language regarding post-seizure care and

treatment for discharged patients. Defendant's public claim that on February 6, 2017, he suffered a seizure, an altered mental state, and delirium disclosed the relevant personalized medical information in Exhibit B.[1] Wholesale sealing of these records is neither essential nor narrowly tailored to protect Defendant's privacy interests. Defendant can, and should, redact from his public filing any personal identifying information and information irrelevant to his public claims that he wishes to remain confidential (e.g., details of the reports at Exhibit A or medication listings).

The Court should also deny sealing here because of what the records do not show. Neither Exhibit A nor B reflects that Defendant currently has or continues to suffer from dementia, aphasia, or delirium. Neither exhibit reflects any mental symptoms that Defendant may or may not be exhibiting, the results of any mental acuity tests (assuming any were even performed), or any physician's notes or comments specific to Defendant's alleged mental conditions.[2] Even

---

[1] Exhibit B's references to delirium appear to be part of the standard language given to discharged seizure patients (many patients are postictal, which is temporary, after a seizure).

[2] Aphasia is "an impairment of language, affecting the production or comprehension of speech and the ability to read or write." www.aphasia.org. A medical definition of delirium is an "altered state of consciousness, consisting of confusion, distractibility, disorientation, disordered thinking and memory, defective perception (illusions and hallucinations), prominent hyperactivity agitation and autonomic nervous system overactivity." Steadman's Medical

though it is part of discharge paperwork, Exhibit B does not even contain any health care provider's documentation of Defendant's mental condition in connection with a decision to discharge him from the hospital on February 6, 2017.

Defendant states without explanation that disclosure of these records "would harm Defendant's privacy interests" without explaining why that is so given his public disclosures. (Doc. 56-1.) Defendant's request to seal a generic doctor's note written to be provided to third parties without disclosing any confidential information shows that his approach here is overbroad. Defendant does not claim, much less show, that wholesale sealing is essential or narrowly tailored to protect any relevant private information beyond that which he has publicly and affirmatively used and intends to use.

Instead, sealing here serves only to conceal that Defendant's public claims lack support. Sealing fosters a public misimpression that Defendant has submitted medical records supporting his assertion that he suffers chronic dementia, aphasia, and delirium. Moreover, non-confidential information in the records at issue belie Defendant's claims. For example, timestamps on Exhibit B reflect the approximate time by which Defendant was discharged on February 6, 2017, and the generic doctor's note reflects a time period for which he was

---

Dictionary at 470 (27th Edition). The records at issue do not support Defendant's claims that he suffers from these conditions.

excused from certain activities. Such information is inconsistent with Defendant's public assertion that his December fall and February seizure left him mentally debilitated. Concealing this information from the public does not protect Defendant's privacy interests.

Sealing these records has unwarranted consequences for the public, the Court, and the Government. First, sealing prevents public scrutiny and evaluation of the judicial process and the Court's resolution of the issue into which Defendant has injected his medical condition. Second, Defendant presumably intends for the Court to redact or seal any orders or transcripts discussing or quoting from sealed records because his motion and proposed order contain no exception for such matters. Similarly, sealing prevents the Government from responding on the public record with content and details from the records that belie Defendant's public assertions.

Defendant's sealing request leads to the incongruous result that Defendant can publicly proclaim that he is mentally debilitated while pointing to sealed records, but that court documents quoting, contesting, accepting, or rejecting the contents of the sealed records should be sealed or redacted. Defendant has not asserted a sufficient privacy interest to warrant imposing such an uneven limitation on the public, the Court and the Government. Defendant's desired result is inconsistent with the public's right to know the basis on which judicial decisions are reached, and fosters a public misimpression to boot.

3. **While medical records are often sealed, Defendant's use of them here warrants denying his motion.**

Given his public disclosures, Defendant's motion does not establish an "overriding interest" in any "higher values" sufficient to overcome the presumption of public access. Ochoa-Vasquez, 428 F.3d at 1030. None of the relevant factors listed in Romero warrant sealing the records at issue. Romero, 480 F.3d at 1246. Public filing of these records does not impair court functions (to the contrary here), does not harm legitimate privacy interests or present any likelihood of public injury given Defendant's public claims, reflects what Defendant himself asserts is reliable information, and there is a less onerous alternative to sealing (i.e., Defendant can redact the documents for any confidential, irrelevant matters such as his identifying information and medications). See, e.g., id.

The Government agrees that records relating to medical conditions are often among the most private matters filed with a court and that the Government, and courts, routinely agree to seal such records in the pretrial stage. But that does not mean that courts should automatically seal such records where a party publicly discloses the confidential portion of the information sought to be sealed, injects such information into a judicial decision, and chooses to cite such records as specific support for public claims that the records do not in fact support. In United States v. Dare, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008), the court refused to seal medical records because the defendant chose "to introduce the medical

information in an attempt to" influence the court's sentencing decision. Similarly, in United States v. Chanthaboury, No. 2:12-CR-00188-GEB, 2013 WL 6404989, at *2 (E.D. Cal. Dec. 6, 2013), the court refused to seal a psychological evaluation and a statement about the defendant's mental state because the defendant quoted and summarized such records in his publicly filed sentencing memorandum. See also United States v. Klipp, No. 2:14-CR-00107-GEB, 2016 WL 4360911, at *2 (E.D. Cal. Aug. 15, 2016) (rejecting sealing request as "mystifying" where defendant's public sentencing filing "appears to contain information from the documents he argues is confidential and should be sealed"); United States v. King, No. 10 CR 122 JGK, 2012 WL 2196674, at *2 (S.D.N.Y. June 15, 2012) (refusing to seal records relating to medical conditions that the defendant asked the court to consider in connection with sentencing).

These cases concern sentencing filings, at which point the consideration of the various interests involved may be different than in the pretrial stage. But Romero establishes that the same right of public access applies to "material filed in connection with pretrial motions that require judicial resolution of the merits." 480 F.3d at 1245 (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001)); see also Bradley, 2007 WL 1703232, at *4-5 (unsealing a defendant's medical and other records previously submitted under seal in support of a severance motion and sentencing filings).[3] Though this case

[3] Bradley is distinguishable because it addressed unsealing at the conclusion of the case. While Bradley is silent as to why the records were sealed in the first

is obviously not in a sentencing posture, the analysis of these courts supports denying Defendant's motion to completely seal Exhibits A and B here because of the selective way in which Defendant is using them to foster a public, pretrial misimpression about his mental state.

**4. Defendant rejected the Government's proposed resolution of this issue.**

Because health records often warrant sealing, the Government previously agreed with Defendant to seal a medical record in this case. (Doc. 49.) Defendant, however, went on to make public claims about his mental condition based on that sealed record, which the Government does not agree supports such claims. (Doc. 54 at 29-30.)

In connection with his motion for oral argument, Defendant inquired whether the Government would consent to sealing what was described as two recent medical records. The Government informed Defendant that it would not oppose sealing if the Defendant's motion and proposed order specifically allowed the Court and parties to refer to, describe, incorporate, and even quote the records in orders, transcripts, motions, briefs, filings, and other papers without sealing or redacting such matters. Defendant rejected that request. Now that the Government has seen the records at issue and how Defendant uses them, and as

---

instance there, Bradley's reasoning supports public filing in the first instance here, where Defendant has disclosed the confidential health information in the records and is selectively using the records in his public filings.

the Government informed Defendant prior to filing this response, the Government opposes sealing these records for the reasons set forth above.

Respectfully submitted this 21st day of February, 2017.

JOHN A. HORN
UNITED STATES ATTORNEY

*/s/ Douglas W. Gilfillan*
DOUGLAS W. GILFILLAN
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 294713
600 United States Courthouse
75 Ted Turner Drive
Atlanta, Georgia 30303
(404) 581-6000

Local Rule 7.1D Certificate

The undersigned hereby certifies that the foregoing has been formatted in Book Antigua font, 13 point type, which complies with the font size and point requirements of Local Rule 5.1C.

Certificate of Service

This is to certify that I have this day served upon counsel of record for the defendant a copy of the foregoing document by filing the same with the Court's CM/ECF system, which automatically serves counsel of record electronically or by other means.

This 21st day of February 2017.

/s/ *Douglas W. Gilfillan*
ASSISTANT U.S. ATTORNEY