IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>BENNETT L. KIGHT | Criminal Action No.<br>1:16-CR-099-WSD-LTW |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS TO DETERMINE COMPETENCY**

The United States of America, by and through counsel, John A. Horn, United States Attorney for the Northern District of Georgia, and Douglas W. Gilfillan, Assistant United States Attorney, hereby responds to Defendant's Motion to Stay Proceedings to Determine Competency (Doc. 59).

Given Defendant's claims about his mental condition in his recent filings, Defendant should be evaluated at the earliest opportunity by a Court appointed, independent psychiatric or psychological expert under the standards set forth in 18 U.S.C. §§ 4241, 4247(b), (c). Defendant has not submitted any psychiatric or psychological opinion on whether his mental condition prevents him from understanding the "nature and consequences of the proceedings against him or to assist properly in his own defense," which is the standard for determining whether he is competent to stand trial. §§ 4241(a), 4247(c)(4)(A). Defendant's motion notes that he does not object to the Court ordering an independent examination to determine whether that standard is met here. (Doc. 59 at 10.)

Accordingly, the Government requests that the Court appoint an independent expert to examine Defendant and return a written report to the Court and parties in compliance with § 4247(c). Additionally, the Court should require that Defendant make available to the independent expert (including by providing any medical releases) all necessary medical records and any reports and documentation concerning any psychiatric and/or psychological examination and evaluation completed by any professional seen by or retained by Defendant, to include raw data of all tests performed.

A wholesale stay of this case as requested by Defendant is unnecessary. The only deadline currently in place is the February 28, 2017, disclosure of rebuttal expert reports. (Doc. 44.) Rather than stay the case in its entirety, the Court can and should simply continue that deadline until 30 days after the filing of any order finding that Defendant is competent to stand trial.[1] Such a continuance is excludable under the Speedy Trial Act under 18 U.S.C. § 3161(h)(1)(A), which specifically excludes "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant."

---

[1] Prior to the filing of Defendant's motion to stay, the parties had anticipated needing and discussed seeking an extension of this deadline for at least an additional 30 days beyond February 28, 2017.

Respectfully submitted this 27th day of February, 2017.

JOHN A. HORN
UNITED STATES ATTORNEY

*/s/ Douglas W. Gilfillan*
DOUGLAS W. GILFILLAN
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 294713
600 United States Courthouse
75 Ted Turner Drive
Atlanta, Georgia 30303
(404) 581-6000

Local Rule 7.1D Certificate

The undersigned hereby certifies that the foregoing has been formatted in Book Antigua font, 13 point type, which complies with the font size and point requirements of Local Rule 5.1C.

Certificate of Service

This is to certify that I have this day served upon counsel of record for the defendant a copy of the foregoing document by filing the same with the Court's CM/ECF system, which automatically serves counsel of record electronically or by other means.

This 27th day of February 2017.

*/s/ Douglas W. Gilfillan*
ASSISTANT U.S. ATTORNEY